AO 472 (Rev. 6/05) Order of Detention Pending Trial

# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America | **ORDER OF DETENTION PENDING TRIAL** |
| v. | |
| Roy Williams | Case Number: 05-80652 |
| Defendant | |

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

(1) I find that:
  X there is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 and 846
  " under 18 U.S.C. § 924(c).

(2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

X I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

I do not find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

X (a) nature of the offense–involves more than 100 pounds of marijuana, perhaps more than 1000 pounds

X (b) weight of the evidence–cooperating witness/co-defendant arrested with 543 pounds of marijuana in a car hauler, after having dropped off other loads. Def arrested in NC per information of co-defendant. This defendant had more than $20,000 in cash from drug proceeds. Defendant a supervisor/manager of organization. Evidence is both cooperating def.'s testimony and further investigation. Wholesale marijuana in this amount is about $800 to $1000 per pound, twice a month trips since last December in amounts of at least 1000 pounds per trip. No evidence of violence or weapons.

X (c) history and characteristics of the defendant -defendant is citizen of Mexico, not a US citizen, self-employed as a custom broker, has strong family ties–wife and three children in Juarez. No prior record. Age 45 or so. No ties to US.
  X 1) physical and mental condition–stable, no drug use indicated.
  X 2) employment, financial, family ties see above
  X 3) criminal history and record of appearance–no prior record here or in Mexico, no aliases.

X (d) probation, parole or bond at time of the alleged offense–no

X (e) danger to another person or community.–no indication of same.

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| August 5, 2005 | s/Virginia M. Morgan |
| *Date* | *Signature of Judge* |
| | Virginia M. Morgan, United States Magistrate Judge |
| | *Name and Title of Judge* |